107 So.2d 751 (1958)
W.D. KING, Appellant,
v.
Carl YOUNG, J.W. Brown, and Beverly, Inc., a corporation under the laws of Florida, Appellees.
No. 472.
District Court of Appeal of Florida. Second District.
December 17, 1958.
*752 John R. Parkhill, Tampa, for appellant.
Carver & Langston, Lakeland, for appellee J.W. Brown.
KANNER, Chief Judge.
This is a negligence action which arose from a collision occurring in the nighttime on a highway north of Haines City between two tractor-trailers, resulting in the death of both drivers and a passenger riding in one of the vehicles. A summary judgment was granted in favor of the appellee, J.W. Brown, a defendant, and against the appellant, W.D. King, plaintiff in the trial court. The appeal emerges from that judgment.
The appellant King, as the owner of one of the vehicles, instituted suit against Carl Young, the owner of the other vehicle driven by John G. Young, and also against J.W. Brown and Beverly, Inc., on the theory that at the time of the collision, John G. Young, the driver of Carl Young's tractor-trailer, was the agent of J.W. Brown and Beverly, Inc. Based on answers to interrogatories and depositions of Brown and Beverly, Inc., the trial court rendered summary judgment in favor of these parties. The appellant concedes the correctness of the judgment as to Beverly, Inc. The sole dispute, therefore, concerns the judgment rendered in favor of the appellee, Brown.
On the issue of agency there is the simple allegation in the complaint that John G. Young was driving the tractor-trailer as the agent of Brown and Beverly, Inc. In the answer, this allegation of agency was specifically denied.
The facts as they concern the existence or non-existence of an agency relationship between the driver, John G. Young, and J.W. Brown, the appellee, are not in dispute. Brown was engaged in business as a transportation broker; Carl Young was engaged in the trucking business as a partner with his now deceased brother, John G. Young; and Beverly, Inc., was engaged in the business of growing vegetables. Beverly, Inc., had grown some green beans and had sold them to a concern in Georgia. Not having facilities of its own with which to transport the beans, it communicated with Brown to arrange to have them hauled to the Georgia destination. Brown telephoned John G. Young and arranged with him to transport the beans. Young, as directed, loaded the vegetables and started out for Georgia, and the collision occurred while he was en route. The arrangement between Brown and Young was that the buyer of the beans would sign the bill of lading and Young would have this returned to Brown; Brown *753 would then pay Young $234.79 for the trip, less a commission of seven per cent which would be retained by Brown. After paying Young this money, Brown would bill Beverly, Inc., for the full amount. The driver, Young, was to furnish his own gas and oil and bear all expenses of the trip; and Brown did not tell Young what route to take, but Young had the choice of routes to follow.
It is argued by the appellant that it was Brown who initiated and arranged for Young to drive his vehicle to Georgia, that it was Brown who directed Young where to pick up and deliver the beans, and that it was Brown who was to pay Young for the hauling of the produce and who thereby was to receive a financial benefit from the trip.
It is the position of Brown that he is simply a transportation broker and that his connection with the transaction was in that capacity, while that of Young was as an independent contractor.
The term "agency" may be defined as "a contract either express or implied upon a consideration, or a gratuitous undertaking, by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it." 2 Am.Jur., Agency, section 2, p. 13. In an agency relationship, the party for whom another acts and from whom he derives authority to act is known and referred to as a principal, while the other party who acts for and represents the principal and who acquires his authority from him is known and referred to as an agent. Thus, the agent steps into the shoes of his principal and acts for him pursuant to the grant of authority vested in him by the principal. 2 Am.Jur., Agency, section 2, p. 13.
In the instant case, Brown was merely the intermediary in the transaction between the shipper and the transportation medium. What he did was to procure transportation for the shipper through the trucker Young, for which he, Brown, was to receive as his brokerage commission a percentage of the total transportation price. Although Brown arranged for Young to haul the beans, Young was to pay his own expenses; he had the control and choice of routes to follow; and he was completely independent of Brown after the load was arranged, except that Young had to bring back a receipt so as to show delivery of the beans before he could collect his freight charge.
The status of an independent contractor, as distinguished from that of an agent, consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subject to the control of the other in the performance of the engagement but only as to the result. Conversely, a principal in an agency relationship retains the right to control the conduct of an agent in regard to the engagement intrusted to him. It may be said that the recognized distinction between an agent and an independent contractor relationship is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement. See Florida Industrial Commission v. State, 1945, 155 Fla. 772, 21 So.2d 599; and 2 Am.Jur., Agency, section 8, p. 17.
The position assumed by appellant is inconsistent, because the agency relationship as applied to the instant case can only contemplate that one person, that is, the principal, is superior and that the other person, the agent, is subordinate. There is no indication whatever that Brown was a principal to either the shipper of the commodity or of the trucker. He was called upon by the shipper as a transportation broker to procure transportation and he then arranged with the trucker to haul the load, for which he was only to receive a commission for his services. If it could be said that an agency existed, the status of *754 an agent would apply to the appellee Brown as a broker, rather than that of principal.
The cases cited by the appellant are easily differentiated factually as well as in legal principle when applied to the issue framed under the pleadings in the present case.
It is conceded that Young was not an agent of Beverly, Inc. At most, the appellee Brown, so to speak, was the middleman, merely the nexus in the transaction. We must conclude therefore that the summary judgment should be affirmed.
Affirmed.
ALLEN and SHANNON, JJ., concur.