SHANNON, Judge.
Appellant was the plaintiff below in a personal injury action, and the Eustis Fruit Company, Inc., appellee, was one of two defendants. This appeal is from a summary judgment entered for Eustis Fruit and against the appellant.
The appellant raises two questions, but in her brief and argument they are treated as one. The point in issue is whether or not, under the facts established, the appellee was answerable under the doctrine of re-spondeat superior, or whether it was immune as a party to an independent contract. The trial court, in entering a summary judgment for the appellee, held appellee to be an independent contractor.
Carpenter was a grower of watermelons, and as such engaged the appellee’s services as sales agent to sell and ship watermelons to the market. The appellee in turn engaged the services of Starling, a licensed Auto Transportation Broker under the Florida Statutes, commonly known as a truck broker. Parsons is the owner of a tractor-trailer truck engaged in transporting for compensation at established freight rates agricultural products exempt from Interstate Commerce transportation regulations and operating through licensed truck brokers. Eller was Parson’s employee and the driver of the particular tractor-trailer truck involved herein. As shown by the record, Carpenter engaged the appellee’s services as sales agent, and the appellee in turn engaged the services of the truck broker to provide transportation for hauling the melons. The arrangements for shipping the melons followed the customary procedure when shipment is made through a licensed Auto Transportation Broker. The truck owner makes his truck available to the truck broker for transporting a cargo to its destination, and is paid by the truck broker for hauling the cargo at an established freight rate on a mileage basis, less the truck broker’s commission for securing the cargo. The truck broker in turn issues a bill of lading signed by the truck driver and bills the shipper for the freight. The truck driver, as such, is an employee of the truck owner and is paid by him, and the truck owner bears all of the expense in connection with the operation of the truck. The melon grower furnishes the labor for loading the cargo. If the exact destination is not known, the truck broker directs the trucker to proceed with the cargo to a certain place, a market area, and then to telephone the truck broker for the exact destination; in the meantime the shipper will furnish the truck broker with the exact destination. This was the arrangement and procedure followed in the instant case, and the truck driver was instructed by the truck broker to proceed to Washington, D. C., and from there to call the truck broker for the exact destination. The record also shows that neither the truck broker nor the appellee had any control over the driver as to the route he would take or as to any of the details of his trip; their only interest was that the cargo would be delivered to its ultimate destination.
While the truck was enroute with its cargo of melons, the accident occurred which is the basis of this suit. The appellant first brought suit in Dade County against the truck owner, and the depositions of the truck owner, the driver, and the truck broker were taken. Subsequently, the present suit was filed in Polk County against the appellee and the truck broker. The above-mentioned depositions were filed with the broker’s motion for summary judgment, which was granted. Various other depositions were taken, the appellee moved for summary judgment, and this appeal is taken from the granting of that motion.
We are concerned here only with the liability of the Eustis Fruit Company, Inc. The appellee rests its case primarily upon King v. Young, Fla.App.1958, 107 So.2d 751, a decision similar to the present one. *57 In the King case, King, as owner of one vehicle, instituted suit against Carl Young, the owner of the other vehicle driven by John G. Young, and also against J. W. Brown and Beverly, Inc., on the theory that at the time of the collision John G. Young, the driver of Carl Young’s tractor-trailer, was the agent of J. W. Brown and Beverly, Inc. The trial court in the King case rendered summary judgments in favor of both J. W. Brown and Beverly, Inc. The appellant conceded the correctness of the judgment as to Beverly, Inc., and the sole dispute concerned the judgment rendered in favor of the appellee, Brown. On appeal of this judgment our court affirmed the holding that Brown was not an agent, but was an independent broker. Insofar as the truck was concerned, the King opinion stated: “It is conceded that Young was not an agent of Beverly, Inc. * * * ” In view of the fact that Beverly, Inc., was the grower in the King case, and its status was almost the same as the Eustis Fruit Company in the present case, the following excerpt from that case, written by Judge Kanner, would seem apropos:
“The status of an independent contractor, as distinguished from that of an agent, consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subject to the control of the other in the performance of the engagement but only as to the result. Conversely, a principal in an agency relationship retains the right to control the conduct of an agent in regard to the engagement intrusted to him. It may be said that the recognized distinction between an agent and an independent contractor relationship is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement. * * * ”
We have been cited to several cases by the appellant, but none of these cases lend any support to the theory of liability urged by appellant. From the reasoning employed in the King case, the status of the Eustis Fruit Company is clearly seen to be that of an independent contractor, and not a principal in a respondeat superior situation. This being so, appellant is not entitled to recover damages from the appellee.
Affirmed.
SMITH, C. J., and WARREN, LAMAR, Associate Judge, concur.