223 So.2d 723 (1969)
Condor MERRITT et Ux., Petitioners,
v.
Earl UNKEFER, Respondent.
No. 37436.
Supreme Court of Florida.
February 19, 1969.
Rehearing Denied July 9, 1969.
Sam E. Murrell & Sons, Orlando, for petitioners.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for respondents.

ON REHEARING GRANTED
DREW, Justice.
The opinion of the District Court of Appeal, Fourth District, in this cause[1] details the allegations of respondent's complaint seeking to establish, on property owned by petitioners, an equitable lien for architectural services. The appellate court reversed an order dismissing the complaint, the opinion concluding that the absence of allegation of facts such as misrepresentation or fraud was not fatal. Petition for writ of certiorari in this Court has been granted on the ground of conflict with the decision on this point in Jennings v. Connecticut General Life Insurance Co.:[2] "To entitle one to such a lien there must be circumstances such as fraud or misrepresentation of essential facts upon which *724 the lender or contractor relied in good faith * * *;" and with other cases including decisions based on the principle that failure to prosecute a right of statutory lien will ordinarily preclude the exercise of equity jurisdiction to accomplish the same result.[3]
In support of the complaint in this case respondent relies on the doctrine of estoppel based on a request to postpone billing until completion of the construction work, and on a promise to pay from proceeds of a condemnation proceeding which terminated later, after lapse of time for filing a mechanic's lien. We are unable to trace the elements of estoppel, resulting trust, or any similar equitable doctrine in support of a lien on the property as opposed to the specified fund, which fund is in no way relevant to the disposition of this suit. Our study of the cases indicates that the award of an equitable lien based on unjust enrichment or "general consideration of right and justice" has in each instance been predicated on factors such as mistake or material misrepresentation beyond the circumstances described by the complaint in the present case.[4]
The judgment of reversal is accordingly quashed and the cause remanded with directions that the decree of the circuit court be affirmed.
ROBERTS, THORNAL, CALDWELL (Retired), and ADAMS (Retired), JJ., and MASON, Circuit Judge, concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting):
I think the District Court's decision in Unkefer v. Merritt, 207 So.2d 726, should stand. Accepting Respondent's allegations as true at this point, if Petitioners had left Respondent alone and had not persuaded him through their attorneys to withhold his bill for architectural services until they received a condemnation award in a currently pending condemnation action, undoubtedly he would have timely filed claim for mechanic's lien. Regardless of the niceties of equitable doctrines, this appears to be a clear case of a party to a contract foregoing his statutory claim by relying in good faith on the promises of the other party. The simple answer of equity should be that as between two parties to a contract for services when one of them requests the other to accommodate him by forbearing to press his claim for payment, the party extending the accommodation ought not be denied equitable relief.
NOTES
[1] Unkefer v. Merritt, Fla.App. 1968, 207 So.2d 726.
[2] Fla.App. 1965, 177 So.2d 66.
[3] Rood Company, Inc. v. Luber, Fla., 91 So.2d 629 and O.H. Thomason Builders' Supplies, Inc. v. Goodwin, Fla.App., 152 So.2d 797.
[4] Green v. Putnam, Fla. 1957, 93 So.2d 378.