REED, Judge.
This is an interlocutory appeal from an Order of the Circuit Court for Broward County, Florida, dated 101 April 1968 denying a motion to dismiss the amended complaint of The Schun Co. which was the plaintiff below and the appellee here. The appellants who were defendants below are Phillips Petroleum Company and Fred Howland, Inc.
The initial complaint was filed in equity and sought the foreclosure of a lien on real property belonging to the defendant Phillips Petroleum Company. The complaint was dismissed on 23 June 1966 with leave to amend. The ground of the dismissal was that the complaint failed to demonstrate a right in the plaintiff to a statutory lien on Phillips Petroleum Company’s real property under either the Mechanics’ Lien Law which was then Section 84.011 et seq., Florida Statutes, 1965, F.S.A., or under Sections 85.03 and 85.07, F.S.1965, F.S.A. *492 The order of the trial court was affirmed on an interlocutory appeal to this court. Schun Co. v. Phillips Petroleum Co., Fla.App.1967, 200 So.2d 275.
Subsequently the plaintiff filed an amended complaint. The allegations of the amended complaint indicate that in 1964 the defendant Phillips Petroleum Company contracted with the defendant Fred How-land, Inc. to construct a hotel on land owned by Phillips Petroleum Company. Fred Howland, Inc. subcontracted a part of this work to Markowitz Bros., Inc. which in turn subcontracted with the plaintiff to perform sheet metal work in connection with the construction of the hotel. The defendants Phillips Petroleum Company and Fred Howland, Inc. through their agents continuously supervised and controlled the work of the plaintiff. The plaintiff completed all of the work contemplated by its contract together with extras. The defendant Phillips has accepted the benefit of this work and the unpaid balance of the value of the plaintiff’s work is $41,026.00. The plaintiff concludes with an allegation that the real property improved should be subject to an equitable lien.
The sole issue on this appeal is whether or not the amended complaint states a cause of action for an equitable lien in favor of the plaintiff and against the real property of the defendant Phillips Petroleum Company.
Subsequent to the order of the trial court sustaining the amended complaint, the Florida Supreme Court released its opinion in Merritt v. Unkefer, February 19, 1969, 223 So.2d 723. Based on that opinion, we hold that the amended complaint does not state a cause of action for an equitable lien on the real property of the defendant Phillips Petroleum Company because the amended complaint does not allege ultimate facts showing factors such as mistake or material misrepresentation. For this reason the order appealed from must be reversed.
The cause is remanded to the trial court with instructions to dismiss the amended complaint with leave to serve a further amended complaint as the plaintiff may be advised within a reasonable time period to be set by the trial court.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.