277 So.2d 546 (1973)
R.J. MARSHALL, Appellant,
v.
C.B. SCOTT, Jr., D/B/a C.B. Electric, Appellee.
No. 72-515.
District Court of Appeal of Florida, Second District.
May 16, 1973.
*547 William E. Lowe, Palmetto, for appellant.
Charles H. McQuillan, Bradenton, for appellee.
HOBSON, Judge.
A careful reading of the complaint shows that the allegations are not sufficient to state a cause of action for an equitable lien. Appellee did not allege lack of an adequate remedy at law, or special or peculiar equities justifying the imposition of an equitable lien; Wood v. Wilson, Fla. 1955, 84 So.2d 32; Crane Co. v. Fine, Fla. 1969, 221 So.2d 145. There was no mention of a written contract which showed an intention to charge the particular property with a debt or obligation; Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127. Neither was there an allegation of ultimate facts showing mistake, fraud, misrepresentation of essential facts or other wrongdoing which would entitle appellee to an equitable lien; Merritt v. Unkefer, Fla. 1969, 223 So.2d 723; Phillips Petroleum Company v. Schun Co., Fla.App. 1969, 222 So.2d 491; Jennings v. Connecticut General Life Insurance Co., Fla.App. 1965, 177 So.2d 66.
Appellee did not allege ultimate facts showing appellant's intention not to pay, or his insolvency or inability to pay, but merely alleged that appellant misrepresented that he would pay the contract price. This was not sufficient to state a cause of action for an equitable lien. The mere fact that a promise to pay is subsequently broken does not give rise to a cause of action for equitable relief. Otherwise any breach of contract would call for such a remedy. Prosser on Torts, 3rd Ed., p. 747; 37 Am. Jur., Fraud and Deceit, § 36, pp. 61 and 62.
We have carefully considered appellee's point on appeal charging that the lower court erred in striking certain portions of its amended complaint, but find this contention to be without merit.
The order appealed is reversed and the cause remanded to the trial court with instructions to dismiss the amended complaint, without prejudice to the plaintiff to file an amended complaint.
Reversed and remanded.
MANN, C.J., and McNULTY, J., concur.