301 So.2d 19 (1974)
Pearl DARLING, Appellant,
v.
Betty Mote ROSE and Gulf Shore Dredging Company, Inc., Appellees.
Pearl DARLING, Appellant,
v.
Fred W. SCHNEIDER et ux., and Gulf Shore Dredging Company, Inc., Appellees.
Nos. 73-354 and 73-355.
District Court of Appeal of Florida, Second District.
September 30, 1974.
Richard M. Rogers and Michael R. Masinter, Immokalee, for appellant.
Harry M. Hobbs, Hobbs & de la Parte, Tampa, for appellees.
GRIMES, Judge.
The cases consolidated on this appeal are mortgage foreclosures of two pieces of real estate owned by Pearl Darling. In one instance Gulf Shore Dredging Co., Inc. (Gulf Shore) took a note and mortgage to pay for the building of a shell home and assigned the documents to Rose. In the second instance Gulf Shore took a note and mortgage to pay for some repairs to the interior of Mrs. Darling's home and assigned those documents to the Schneiders. It was stipulated that neither Rose nor the Schneiders were holders in due course.
In the Rose case the trial court rejected Mrs. Darling's claims of fraud as well as her other defenses and ordered foreclosure of the mortgage for the full amount which was then due and owing on *20 the note. There is competent substantial evidence to support this conclusion, and we decline to disturb this ruling.
On the other hand, in the Schneider case the court found that fraud was involved in the transaction between Gulf Shore and Mrs. Darling and further held that the note and mortgage were subject to a failure of consideration. At this point the court proceeded to enter a judgment along the lines set forth in Gulf Shore Dredging Co., Inc. v. Hutto, 1968, 31 Fla. Supp. 24. The court concluded that the sum of $6,500 which Gulf Shore charged Mrs. Darling had no reasonable relationship to the services performed. Following the rationale of Hutto the court awarded the Schneiders $2,046.75, which was the amount Gulf Shore had paid the subcontractors to do the work. To this figure was added a 20 percent profit ($409.35) and the sum of $2,015.10 to cover what Gulf Shore had paid to satisfy a prior mortgage on Mrs. Darling's property. Like Hutto, the court held that Mrs. Darling was entitled to recoup from Schneiders, as damages for the fraud, the difference between the amount due on the note and what the court had determined Gulf Shore was entitled to charge. Thus, the Schneiders were awarded a judgment of foreclosure for the principal amount of $4,471.20 plus interest, attorney's fees and the costs of the suit.
We concur with Judge Patton's handling of the fraud in Hutto and with the applicability of Hutto to the case at bar. However, this case differs from Hutto in one particular. In both cases, the same Gulf Shore Dredging Co., Inc. was allowed to recover the amount which it had paid to a subcontractor plus 20 percent as a customary charge for overhead and profit. This was proper in Hutto because the quality of work was not in question. However, there was substantial evidence that the work performed for Mrs. Darling was done improperly. In fact, there was no evidence to the contrary.
Taken in its entirety, this record will not support a finding based upon quantum meruit which is the only ground conceivable, fraud having been determined. Furthermore, since the court made a specific finding of fraud and since the work was not done properly, we believe the contractor forfeited its claim to overhead and profit and that the Schneiders should not be entitled to attorney's fees for the prosecution of this suit.
The Schneider case is hereby reversed and remanded with leave granted the Schneiders to show the reasonable value of labor and materials furnished in Mrs. Darling's home, with no allowance for overhead and profit. To this amount the court should add the sum of $2,015.10 which was paid to the prior mortgagee. The resulting total will constitute the principal owed by Mrs. Darling in the first place. In the furtherance of equity, the note should be re-established according to its terms whereby it carried nine percent interest per annum with monthly payments of principal and interest in the sum of $73.98. To the extent, if any, that the total of the monthly payments which have accrued to the time of the recomputation exceed the total of the payments made by Mrs. Darling on the note, the difference shall represent the amount which will have to be paid to bring the note out of default. Should this sum not be paid within a time to be specified by the court below, the mortgage should be foreclosed for the balance due and owing upon the note.
Case No. 73-354 is affirmed.
Case No. 73-355 is reversed and remanded.
MANN, C.J., and McNULTY, J., concur.