WALDEN, Chief Judge.
Plaintiff sub-contractor appeals from a trial court order dismissing its complaint with prejudice and discharging the mechanic’s lien plaintiff had recorded against the defendant owner. We affirm the dismissal on the grounds the complaint was not adequate to support plaintiff’s claim. Plaintiff did not properly plead privity between plaintiff and owner, Foley Lumber Co. v. Koester, 61 So.2d 634 (Fla.1952):
“ ‘In order to create privity under the lien statute, there must be, in- addition to knowledge of the owner that a certain person is furnishing labor or material for the contractor to be used in the execution of his contract, and express or implied assumption by the owner of a contractual obligation to pay for the labor or materials furnished.’ ” Id. at 639;
plaintiff did not plead facts sufficient to make a clear case for fraud and deceit, see Fla.R.C.P. 1.120(b) (1975); plaintiff did not sufficiently plead any agency relationship between owner and contractor, see King v. Young, 107 So.2d 751 (Fla.App.2d 1958):
“The status of an independent contractor, as distinguished from that of an agent, consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subject to the control of the other in the performance of the engagement but only as to the result. Conversely, a principal in an agency relationship retains the right to control the conduct of an agent in regard to the engagement intrusted to him. It may be said that the recognized distinction between an agent and an independent contractor relationship is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement.” Id. at 753.
Although plaintiff pled he had given notice in conformance with the Mechanic’s Lien Statute requirement for lienors not in privity, Fla.Stat. § 713.06 (1973), there is conflict within the complaint as to what that notice was. Such conflict, unclarified, renders the notice allegation insufficient. Plaintiff’s complaint is further lacking in that it does not allege improper payments by the owner, or that the owner is in possession of amounts due the contractor, to which sums plaintiff would have at least a partial claim whether or not notice was *423 filed. Crane Co. v. Fine, 221 So.2d 145 (Fla.1969). Plaintiff claims an equitable lien, but such claim is also plead insufficiently. See Marshall v. Scott, 277 So.2d 546 (Fla.App.2d 1973).
We, therefore, affirm the dismissal of the complaint, but reverse that portion of the order dismissing with prejudice and remand with respectful directions to permit plaintiff to amend his complaint if he so wishes. See Fla.R.C.P. 1.190 (1975).
Affirmed in part; reversed in part, with directions.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.