340 So.2d 486 (1976)
GANCEDO LUMBER COMPANY, INC., Appellant,
v.
FLAGSHIP FIRST NATIONAL BANK OF MIAMI BEACH, Appellee.
No. 75-1794.
District Court of Appeal of Florida, Third District.
November 9, 1976.
Rehearing Denied December 23, 1976.
Anthony Villaamil, Miami, for appellant.
Therrel, Baisden, Peterson, Stanton, Stillman, Brown & Wood, Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by Gancedo Lumber Company, Inc., one of 44 defendants, from a summary final judgment in foreclosure in favor of plaintiff, Flagship First National Bank of Miami Beach, and against all defendants, on plaintiff's complaint to foreclose a mortgage on property owned by the defendant, The Fountains at Fontainebleau Park, Inc.
The bank was the owner and holder of a mortgage and note executed by The Fountains for the construction of improvements on real property in Dade County. The Fountains defaulted on the mortgage and note and abandoned the property without completing the improvements. Gancedo had entered into an agreement with the contractor, Lastra Construction, Inc., also a defendant, for the furnishing of construction materials with respect to the improvement of the property. A substantial sum of money for materials delivered remained due and owing to Gancedo.
*487 By way of answer and affirmative defenses to the complaint filed by the bank, Gancedo claimed an interest in and an equitable lien on the property for the balance due it, superior to that of the bank on the ground that the bank would be unjustly enriched. Gancedo further alleged that the bank had the opportunity and duty to supervise and correct any defaults by The Fountains by the terms of the note and mortgage, and that because of the bank's negligent breach of its duty to correct and supervise, the bank caused the damages suffered by Gancedo, entitling Gancedo to an equitable lien superior to that held by the bank.
The record reflects that the contractor and The Fountains came in with an answer, affirmative defenses and counterclaim, asserting that the bank delayed funding, and ultimately stopped disbursements. Such breach of contract, they contended, resulted in their inability to complete the building. The bank filed a motion for summary judgment. It appears that between the time of the filing of the motion and the entry of judgment thereon, the case was settled between the plaintiff and all defendants except Gancedo. The trial judge entered a summary final judgment in favor of the bank, in which he determined that there were no genuine issues as to any material fact, that the bank held a lien superior to any claim or estate of any and all defendants and that the bank was entitled to judgment as a matter of law.
The question presented on this appeal is whether Gancedo, a subcontractor, is in a position to have an equitable lien where it is not in privity with the bank. The record contains affidavits and other testimony which indicate that the bank may have delayed construction draws and withheld funding because of disputed items without giving notification of its reasons, and that it stopped funding the construction loan entirely with a substantial amount undisbursed causing the construction to come to a complete standstill. These allegations however, apply to and support the claims of The Fountains and the contractor, and not to Gancedo's claim. Where Gancedo's only contract is with the contractor, there is no privity with the bank, and therefore, the subcontractor cannot establish an equitable lien on the property superior to the bank's lien.
In order to establish an equitable lien superior to the bank in this case, Gancedo must predicate relief upon some material misrepresentation, fraud, mistake or some factual circumstance tending to show that the bank (the lender) exercised "affirmative deception" on the subcontractor in order to keep it on the job. Merritt v. Unkefer, 223 So.2d 723 (Fla. 1969); J.G. Plumbing Service, Inc., v. Coastal Mortgage Company, 329 So.2d 393 (Fla. 2nd DCA 1976). Since the record in this cause fails to demonstrate affirmative deception or other factors entitling Gancedo to relief, we affirm.
Affirmed.