353 So.2d 131 (1977)
CHASE MANHATTAN BANK, Appellant,
v.
S/D ENTERPRISES, INC., et al., Appellees.
Nos. 76-1477 and 77-74.
District Court of Appeal of Florida, Third District.
November 22, 1977.
Rehearing Denied January 9, 1978.
*132 Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wright and Albert G. Caruana, Carl W. Hartley, Jr., and Alan T. Dimond, Miami, for appellant.
Alfred J. Anton, Miami, Neil Flaxman, South Miami, Noriega, Bartel, Chopp, Schatz, Levine & Shuford and Paul J. Levine, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Appellant, The Chase Manhattan Bank, defendant and counter-plaintiff in the trial court, appeals from an adverse non-jury final judgment rendered in favor of appellees, S/D Enterprises, Inc., plaintiff and counter-defendant below, and Sonnenblick-Goldman Southeast Corporation, additional party defendant on the counterclaim below. The final judgment, inter alia, provided that appellant be allowed to foreclose its various mortgages on a certain condominium development owned by appellee, S/D Enterprises, Inc., conditioned upon the payment of $605,537.42 (representing undisbursed construction loan funds held by appellant) upon which an equitable lien was to be created in favor of the creditors of S/D Enterprises, Inc., one of which being Sonnenblick-Goldman Southeast Corporation, a mortgage broker.
Appellant has appealed that part of the final judgment which created an equitable lien on the undisbursed construction loan funds, while appellee, S/D Enterprises, Inc., has cross-appealed that part of the final judgment which allowed appellant to foreclose its mortgages. Consolidated with the above is an interlocutory appeal taken by appellant from a post-final judgment order awarding appellee, S/D Enterprises' attorney, a first priority charging lien on the equitable fund created by the above final judgment.
The facts of this case, as evidenced by a record of over two thousand pages and a trial transcript well over one thousand pages, are, at the very best, contradictory. We are, however, aided by a lengthy and detailed final judgment which contains numerous findings of fact, which, under the applicable appellate principles, must be given due weight.
Stated as succinctly as possible, the facts of this case are as follows: appellee, S/D Enterprises, Inc., was the owner of a large tract of land in Dade County, Florida, upon which it proceeded to develop an apartment lease-rental project. In November of 1972, appellee and appellant entered into various construction and mortgage loan agreements for the total sum of $4,740,000.00.
As construction progressed, it became apparent in the summer of 1973, that appellee would not be able to complete the project for the amount of the construction loan and that it would be in default under the mortgage and the construction loan agreement. Thereafter, appellee and appellant entered into a "work-out agreement" for a supplemental loan and for a plan to convert the project from a lease rental concept to a condominium development. The supplemental loan was for the amount of $3,722,454.00.
*133 As found by the chancellor (and hotly contested by appellant), the supplemental mortgage loans included an allocation schedule for the payment of various obligations incurred by appellee, S/D Enterprises, Inc., during the early phases of construction and prior to the workout agreement in the sum of $613,300.00.
Appellant failed to fund monies allocated for the various obligations resulting in appellee, Sonnenblick-Goldman Southeast Corporation, obtaining a judgment against S/D Enterprises, Inc. for brokerage fees in the procuring of a certain mortgage commitment. In September of 1974, appellee, S/D Enterprises, Inc., concluded that appellant would no longer fund any monies under the various loan agreements and so it filed a complaint for damages alleging, inter alia, that appellant had breached its contract with appellee, S/D Enterprises, by failing to fund the balance of the construction loan  $605,537.42.
Appellant thereupon filed a counter-claim for foreclosure alleging numerous breaches of the construction loan agreement including the failure of appellee to complete construction of the project and the failure to pay the principle and interest due on the notes. Appellant subsequently took constructive possession of the premises on or about October 2, 1974, by replacing S/D Enterprises' security guards with its own guards. A receiver was appointed by the chancellor to oversee the maintenance and completion of the project.
At the conclusion of the many hearings held by the court, the chancellor found that appellant had wrongfully breached the loan agreement by withholding sums in the amount of $605,537.42 and imposed an equitable lien in that amount in favor of the creditors of S/D Enterprises, Inc. The chancellor did, however, rule in favor of appellant on its counterclaim and allowed appellant to foreclose upon the development finding that appellee, S/D Enterprises, Inc., was in default under the terms of the mortgages. The equitable lien, however, was to be funded prior to appellant's foreclosure.
In addition, a post-judgment order imposing a charging lien on the equitable fund, in favor of S/D Enterprises' attorney was rendered by the court.
Of all points raised by the parties in these consolidated appeals, we find that a discussion of the following point will be dispositive of the others, to-wit: whether the trial court erred in creating a $605,537.00 equitable lien on unpaid construction loan funds for the benefit of the creditors of appellee, S/D Enterprises, Inc. For the reasons that follow, we believe the court did so err.
Under a long line of Florida cases, in order for a court of equity to impose an equitable lien based upon unjust enrichment or out of a general consideration of right and justice, certain factors such as fraud, affirmative deception or material misrepresentation must be first present. See Merritt v. Unkefer, 223 So.2d 723 (Fla. 1969); Gancedo Lumber Company, Inc. v. Flagship First National Bank of Miami Beach, 340 So.2d 486 (Fla. 3d DCA 1976); J.G. Plumbing Service, Inc. v. Coastal Mortgage Company, 329 So.2d 393 (Fla. 2d DCA 1976); Snead Construction Corporation v. First Federal Savings & Loan Association of Orlando, 342 So.2d 517 (Fla. 1st DCA 1976).
The pleadings filed sub judice do not allege any of the requisite factors necessary to support the imposition of an equitable lien. See Indiana Mortgage & Realty Investors v. Peacock Construction Company, 348 So.2d 59 (Fla. 2d DCA 1977); also Merritt v. Unkefer, supra. Rather, the claim was tried and judged upon a breach of contract count, i.e., failure to fund construction monies pursuant to the supplemental loan agreement, which in and of itself will not give rise to equitable relief in the form of the imposition of a lien. Marshall v. Scott, 277 So.2d 546 (Fla. 2d DCA 1973).
As for the lengthy and detailed final judgment, we find noticeably absent any finding by the chancellor to the effect that appellant engaged in any conduct tantamount *134 to the aforementioned fraud, affirmative deception and/or material misrepresentation. The only language utilized by the chancellor in his order that might be considered as falling into one of the above three categories is as follows:
"The evidence further establishes that after a conference with the defendant bank's officers in August, 1974, the plaintiff, in reliance upon the representation of the defendant bank that it would continue to fund, did in fact continue with the balance of the construction to completion and obligated itself to a number of sub-contractors and materialman; . ."
It is our opinion, however, that such a finding as set forth above does not merit the imposition of an equitable lien on the unfunded loan. Compare Indiana Mortgage & Realty Investors v. Peacock Construction Company, supra. Notwithstanding the chancellor's detailed findings of fact, we believe that the imposition of an equitable lien was not supported by law and therefore, that part of the order creating the lien must be reversed.
As for the cross-appeal filed by appellee, S/D Enterprises, Inc., on the issue of foreclosure, we note that the chancellor found that S/D Enterprises was in default on the various mortgages. After a careful review of the record, it is our opinion that this finding was based upon competent substantial evidence and therefore, there was no abuse of discretion in granting appellant's counterclaim for foreclosure. See Darling v. Rose, 301 So.2d 19 (Fla. 2d DCA 1974).
In that we have denied the imposition of an equitable lien on the unfunded portion of the construction loan, any question concerning the correctness of a first priority charging lien in favor of S/D Enterprises' attorney becomes moot, because there exists no funds upon which the charging lien can be imposed.
Accordingly, that part of the final judgment awarding foreclosure is hereby affirmed, while that part of the judgment creating an equitable lien in favor of the creditors of appellee, S/D Enterprises, Inc., is reversed.
Affirmed in part; reversed in part and remanded for further proceedings.