372 So.2d 520 (1979)
HALLMARK MANUFACTURING INC., a Florida Corporation, Petitioner,
v.
LUJACK CONSTRUCTION COMPANY, INC., a Florida Corporation, Respondent.
No. 79-478.
District Court of Appeal of Florida, Fourth District.
June 27, 1979.
*521 Kenneth J. Scherer of DeSantis, Cook, Meehan, Cohen, Gaskill & Silverman, P.A., North Palm Beach, for petitioner.
Ronald E. Jones, West Palm Beach, for respondent.
BERANEK, Judge.
The defendant, by petition for common law certiorari, seeks review of an order of the Circuit Court denying a motion to dismiss a count in a complaint seeking establishment of an equitable lien on real estate and an order denying dissolution of a notice of lis pendens filed by plaintiff.
Plaintiff filed suit alleging that pursuant to a contract it had furnished labor and materials for improvements on certain residences located on realty owned by the defendant. Plaintiff alleged that defendant had not paid for the work in accordance with the contract. Based solely on this breach of contract, plaintiff sought an equitable lien on the improved real estate owned by the defendant. Simultaneously with the filing of the complaint and without Court approval plaintiff filed a notice of lis pendens as to the subject real estate. Defendant moved to dismiss the equitable lien count for failure to state a cause of action and also moved to dissolve the lis pendens. After hearing the trial court denied both motions.[1]
Defendant now argues that the trial court's denial of the motion to dismiss the equitable lien and the trial court's failure to dissolve the lis pendens constitute departures from the essential requirements of law for which there would be no adequate remedy by appeal after final judgment. We agree and accept jurisdiction.
The mere denial of the motion to dismiss is generally not subject to review by petition for common law certiorari because any error can be corrected by appeal after final judgment. See Johnson v. Henningson, 370 So.2d 60 (Fla. 4th DCA 1979), and Lynch v. City of Deerfield Beach, 369 So.2d 1042 (Fla. 4th DCA 1979). The instant decision is in accord with these prior cases. The distinguishing factor here is the lis pendens which clouds defendant's title to his real estate. The defendant/owner's right of alienability of property is constrained. Beefy King International, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972). The loss of the ability to sell the property during the pendency of the litigation may well not be subject to remedy by appeal after final judgment. We conclude that the jurisdictional requirements of common law certiorari have been met herein in accordance with Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); and Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975).
The denial of the motion to dismiss the equitable lien count was error and a substantial deviation from the essential requirements of law. The complaint alleged only that the defendant had failed to pay for labor and materials incorporated into the residences owned by defendant. There were absolutely no allegations other than this breach of contract. The written contracts were attached to the complaint and there is no indication of any intention that the land should stand as security for payment. Under these circumstances no claim for an equitable lien was stated. Merritt v. Unkefer, 223 So.2d 723 (Fla. 1969). The facts of Merritt are similar in that a direct contract was involved between an architect and the owner of property improved by the architect's services. The Fourth District Court of Appeal held the complaint stated a cause of action for equitable lien and the *522 Supreme Court reversed. Merritt involved all of the factual elements present in the complaint now in question plus additional allegations relating to the doctrine of equitable estoppel. The Supreme Court held that such allegations were insufficient. If no cause of action for an equitable lien was stated in Merritt, then certainly no such cause of action was stated in the complaint now at issue.
In Marshall v. Scott, 277 So.2d 546 (Fla. 2d DCA 1973), the Second District held that a particular complaint did not state a cause of action for an equitable lien. Therein the Court summarized the general law on the subject and stated as follows at page 547:
Appellee did not allege lack of an adequate remedy at law, or special or peculiar equities justifying the imposition of an equitable lien; Wood v. Wilson, Fla. 1955, 84 So.2d 32; Crane Co. v. Fine, Fla. 1969, 221 So.2d 145. There was no mention of a written contract which showed an intention to charge the particular property with a debt or obligation; Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127. Neither was there an allegation of ultimate facts showing mistake, fraud, misrepresentation of essential facts or other wrongdoing which would entitle appellee to an equitable lien; Merritt v. Unkefer, Fla. 1969, 223 So.2d 723; Phillips Petroleum Company v. Schun Co., Fla. App. 1969, 222 So.2d 491; Jennings v. Connecticut General Life Insurance Co., Fla.App. 1965, 177 So.2d 66.
.....
... The mere fact that a promise to pay is subsequently broken does not give rise to a cause of action for equitable relief. Otherwise any breach of contract would call for such a remedy.
Here the complaint alleged no more than a breach of contract. There were no grounds on which to base an equitable lien and plaintiff apparently has an adequate remedy at law.
Since no cause of action for an equitable lien existed, the notice of lis pendens should have been dissolved. Failure to grant the motion to dissolve was error constituting a departure from the essential requirements of law. The order of the trial court entered February 1, 1979, is quashed. The matter is remanded with directions to grant the motion to dismiss and the motion to dissolve the lis pendens.[2]
We note that this is the second amended count seeking to impose an equitable lien. The trial court may, in its discretion, consider any request made by plaintiff for further leave to amend.
CERTIORARI GRANTED AND ORDER QUASHED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] At the hearing plaintiff's counsel stated that a statutory mechanic's lien had not been perfected due to the plaintiff's having failed to file the necessary notices in a timely fashion. The complaint does not attribute any fault to the defendant in this respect.
[2] We should point out that neither party had raised either before the trial court or before this Court the existence of Section 48.23(3) Fla. Stat. (1977), which provides as follows:

"(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
In addition, no argument has been made regarding the principles established in Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976), which holds that a lis pendens such as is involved here may not be filed without a prior court hearing consistent with all requirements for the issuance of an injunction.