SCHWARTZ, Judge.
In an action to impress and foreclose a mechanic’s lien, the trial court found against the plaintiff-appellant, a general contractor, solely because it admittedly did not serve the appellees with a notice to owner under Section 713.06(2)(a), Fla.Stat. (1979). We conclude that Section 713.05, which requires no such notice, is instead controlling in the present factual situation and therefore reverse the judgment below.
The operative facts are entirely undisputed. On May 1, 1978, United Five, Inc., which was then engaged in the development and sale of several single-family resi *292 dences in Dade County, entered into an unrecorded contract for the purchase and sale of a then-vacant parcel, with a home to be constructed thereafter, with the present appellees, Mr. and Mrs. Newman. About six weeks later, on June 19, 1978, United Five and the appellant, E. V. Construction Co., orally contracted for E. V. to build the house in question. On July 11, E. V. duly filed and recorded the notice of commencement required by Sec. 713.13, Fla.Stat. (1979). It completed its work, at an out-of-pocket cost of over $29,000, on November 3, 1978. On November 15,1978, the Newmans took title to the property by a warranty deed from United Five which was recorded immediately thereafter. At the closing, United Five also gave the Newmans, who were not represented by counsel, a “no-lien affidavit” which, because United Five had not paid E. V., turned out to have been demonstrably false. On January 30, 1979, within the 90-day period after completion provided by Sec. 713.08(5), Fla.Stat. (1979), E. V. filed, recorded and served its claim of lien upon the appellees, who were by now titleholders to the property; this was the first direct contact between the parties to the present litigation.
Since E. V. admittedly conformed to every other provision of the mechanic’s lien law, the sole issue below and here is whether it was necessary for it to serve the “notice to owner” provided by Sec. 713.06(2)(a). Under the specific terms of Sec. 713.05, however, a lienor who is in privity with “the owner” is not required to do so.[1] Because there is no doubt that E. V. dealt directly solely with United Five, was therefore in privity only with that concern, and was not in privity with the Newmans, e.g., Foley Lumber Co. v. Koester, 61 So.2d 634 (Fla. 1952); Economy Suppliers and Fabricators, Inc. v. Centennial Homes, Inc., 325 So.2d 421 (Fla. 4th DCA 1976), during the pertinent 45-day period after commencement provided for giving the notice, Sec. 713.-06(2)(a), the determinative issue is a still-narrower one. It is simply whether — in the present unusual context in which legal ownership of the property changed hands during the period in which the various steps required to perfect a mechanic’s lien took place — United Five or the Newmans (or both) were the “owners” of the property within the meaning of Secs. 713.05-.06. The terms of the statute itself resolve the question. Sec. 713.01(12), Fla.Stat. (1979) provides:
“Owner” means a person who is the owner of any legal or equitable interest in real property, which interest can be sold by legal process, and who enters into a contract for the improvement of the real property.
It seems clear that while this definition applies to United Five, which was the legal titleholder when it contracted with E. V., it just as clearly does not include the New-mans. Although, as the purchasers under the contract for the sale of the lot, the appellees held equitable title, B. W. B. Corp. v. Muscare, 349 So.2d 183 (Fla. 3d DCA 1977), the second qualification was not fulfilled — -they did not “enter into a contract for the improvement of real property.” It is obvious that their agreement with United Five simply to purchase realty does not qualify as such an agreement. See also Sec. 713.01(1) (“ ‘Contract’ means an agreement for improving real property, written or unwritten, express or implied, and includes extras or change-orders as herein defined.”); Sec. 713.01(2) (“ ‘Contractor’ means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract.”) Upon this analysis, which we think appears from a plain reading of the statutory language, cf. Sec. 713.-37, Fla.Stat. (1979), E. V. was in privity with the only “owner” of the property, United Five, and could thus safely deal with it to the extent at least of not being required to give a Sec. 713.06(2)(a) notice. *293 Surely, it was not required to give such a notice to the Newmans, with whom it did not contract, and of whose identity it was not and had no reason to be aware. The judgment below, which is founded on the opposite conclusion, therefore cannot stand.
While this result may indeed be harsh upon the appellees, it should be remembered that, as in most such controversies, the courts must choose which of two relatively innocent parties should suffer for the sins of an admitted-but-long-gone malefactor — in this case, United Five, which took the Newmans’ money and not only did not pay E. V. with it, but lied to the purchasers that it had. As between the two parties before us, however, it can at least be said that E. V. did all it could have — giving each required statutory notice to the party of whom it was on notice. On the other hand, the Newmans took title after E. V.’s notice of commencement had already been duly recorded. Under the statutory scheme as we interpret it, their action in ignoring this “red flag” of the contractor’s outstanding interest — which would have undoubtedly been avoided had they retained counsel for the closing — results in their now having to pay twice for the construction of their home.
For these reasons, the judgment below is reversed and the cause remanded with directions to enter judgment for the plaintiff in an amount to be determined by appropriate proceedings in the trial court after remand.
Reversed.

. This is because it is obviously unnecessary to give formal notice to one with whom the contractor is dealing face-to-face.