PATTERSON, Acting Chief Judge.
The Simonettis appeal from a final judgment granting an equitable lien in favor of the bondholders of Terrace Community Church, Inc. (the Church) on certain assets of the Church. We reverse.
In 1991 and 1992, the Church issued and sold a total of 643 $1,000 bonds to finance the construction of a church on real property the Church owned. Of these funds, $140,000 was diverted to an Alabama corporation known as Americare in the form *786 of a loan (although from the record before us, the exact nature of this transaction is unclear). In return, the Church received 140 Americare bearer bonds in the face amount of $1,000 each as “security.” The possession of these bonds passed through the hands of several church officials and finally to the appellees, George Porter, Emet Krozier, and Ewing Smith. The appellees, who were officers or directors of the Church, placed the bonds in a safety deposit box at First Union National Bank (the Bank). The box was registered in the individual names of the appellees.
The Simonettis, who were bondholders of the Church, sued the Church. The basis of the suit does not appear in this record, but on August 30, 1995, they each obtained a money judgment against the Church. The aggregate amount of this judgment is $43,596.72.
On September 13, 1995, the Simonettis obtained a writ of garnishment directed to the Bank. The Bank filed an answer denying that it was indebted to the Church in any way. When the Simonettis learned of the Americare bonds and the appellees’ safety deposit box, the Simonettis then filed a motion to permit entry into that box, contending that it was “under the control” of the Church. In an amended order, the trial court granted the motion, directed to the specific box in the appel-lees’ names (at some point in time, the appellees were added 'as parties to the garnishment action). The ultimate inventory of the box revealed the $140,000 in Americare bonds.
As a result, the Simonettis filed a motion to determine ownership of the bonds. The appellees responded with an “answer” in which they asserted that the Americare bonds were not the Church’s property, but rather security for all of the Church bondholders, and that the remaining bondholders and an unrelated third-party judgment creditor of the Church were indispensable parties to the garnishment proceeding. In addition, they filed a pleading, entitled a third-party complaint, in which they attempted to join the remaining Church bondholders as parties to the case. On the Simonettis’ motion, that pleading was dismissed.
The appellees, in their answer, made a demand for jury trial. Although there are gaps in this record that leave us without access to many of the specifics which transpired, it is evident that the trial court conducted a jury trial to determine the ownership of the Americare bonds. We assume that that trial was conducted pursuant to jury trial provisions in the garnishment statute, section 77.08 or 77.16, Florida Statutes (1995). In any event, the jury returned a verdict (not contained in our record) which found that the Church owned the bonds outright.
The appellees then filed a “Memoranda in Support of Equitable Lien” in which they asserted that the trial court should impose an equitable lien against the Amer-icare bonds in favor of all of the Church bondholders collectively. The record is devoid of what, if any, evidentiary proceedings were conducted on this matter. However, on December 16, 1997, the trial court entered a “Judgment Granting Equitable Lien.” In that judgment, the trial court ruled: •
2. The Court grants the Impleaded Defendants’ request that an' equitable lien on behalf of all Terrace Community Church, Inc. Bondholders, as referenced in the Impleaded Defendants’ Exhibit “1”, be granted against the Americare Bonds which are the subject of this supplementary proceeding.
3. The Terrace Community Church, Inc. bondholders as referenced in the Impleaded Defendants’ Exhibit “1” are hereby granted an equitable lien superi- or in interest to all other creditors so that these identified individuals shall equally and firstly participate on a pro-rata basis in the proceeds from the liquidation of the Americare Bonds which are the subject of this post-judgment supplementary proceeding.
*787 Attached to the judgment is a list of individuals, and the list contains handwritten notations of purported dollar amounts and percentages invested in the Church bonds. The list does not contain any indication that it was formally received in evidence in any proceedings. The judgment does not make any disposition of the Simonettis’ outstanding writ of garnishment.
Based on the record, the judgment is clearly in error for the following reasons:
(1) The record contains no evidence to establish the elements of an equitable lien. See generally Merritt v. Unkefer, 223 So.2d 723 (Fla.1969); Schraub v. Charest, 277 So.2d 814 (Fla. 3d DCA 1973).
(2) The judgment purports to create a lien in favor of nonparties to the action, thereby denying the Simonettis the opportunity to challenge the claims, if any, of these nonparties.
(3) The judgment provides that the lien is superior to the interests of all other creditors without any proof to support such a conclusion.
Reversed and remanded.
NORTHCUTT and GREEN, JJ„ Concur.