215 So.2d 45 (1968)
FRED S. CONRAD CONSTRUCTION COMPANY, a Florida Corporation, and Aetna Casualty and Surety Company, a Connecticut Corporation, Appellants,
v.
CONTINENTAL ASSURANCE COMPANY, a Corporation, Baptist Senior Citizens Foundation, Inc., a Corporation Not for Profit, Organized and Existing under the Laws of the State of Florida, and Phillip N. Brownstein, Federal Housing Commissioner, Appellees.
Nos. J-90, J-92 to J-94.
District Court of Appeal of Florida. First District.
October 3, 1968.
As Amended on Denial of Rehearing November 7, 1968.
*46 A.M. Crabtree, Jr., and H. Franklin Perritt, Jr., of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellants.
Mathews, Osborne & Ehrlich, Jacksonville, for Continental Assur. Co.
Ray L. Wilson, of Wilson, Cone & Davis, Jacksonville, for Baptist Senior Citizens Foundation, Inc.
JOHNSON, Judge.
These are four appeals from two orders of dismissal of the Circuit Court of Volusia County, Florida. The appeals as consolidated were as follows:
Case No. J-90: The Surety appeals from the order dismissing its Cross-Claim against the Owner.
Case No. J-92: The Contractor appeals from the order dismissing its Amended Cross-Claim against the Owner.
Case No. J-93: The Contractor appeals the order dismissing its Second Amended Counterclaim with prejudice.
Case No. J-94: The Surety appeals the order dismissing its claim against the Lender with prejudice.
There was originally consolidated in these appeals Case No. J-91, which was the appeal from the entry of a final Summary Judgment of Foreclosure and Sale, involving the same parties.
It is and was necessary to review said Case No. J-91, in order to fully understand the remaining appeals under consideration here.
The counterclaims and crossclaims were filed in the same suit, the counterclaims being against Continental as Lender and the crossclaims against Baptist Senior Citizens Foundation, Inc.
In order to properly grasp the factual situation involved, it was and is necessary for us to review the record and file in the said Case No. J-91, wherein we find the facts to be: Continental Assurance Company entered into a loan agreement with Baptist Senior Citizens Foundation, Inc., *47 wherein Continental agreed to lend Baptist $4,818,600.00 for the purpose of constructing an F.H.A. insured housing project. By the terms of the loan agreement and the mortgage given as security for said loan, Baptist was required to make repayments at certain times specified therein.
Baptist entered into a construction contract with Fred S. Conrad Construction Company to construct the proposed housing project for $3,904,274.00, which contract required the contractor to furnish the usual performance bond. This bond was put up by Aetna Casualty and Surety Company, in which Baptist and Continental were named as beneficiaries of such bond.
Baptist Senior Citizens Foundation, Inc., defaulted in payments to Continental prior to completion of the contract, but after Continental had advanced some $4,222,000 pursuant to its loan agreement.
Continental instituted foreclosure proceedings on its mortgage from Baptist and named, as defendants, inter alia, Fred S. Conrad Construction Co. and Aetna Casualty & Surety Company. Baptist was a defendant, of course.
It does not appear that Baptist offered any defense. The contractor and surety, however, filed separate counterclaims, along with their answers, setting up as defenses against the foreclosure complaint the fact that Continental had permitted Aetna and Conrad to continue construction work after default by Baptist without notifying them of the default. In fact, Continental paid Aetna more than $500,000 after such default by Baptist. The answers and counterclaims further contended that the lien of Continental's mortgage was not superior to the claim of the contractor for the work actually done and for which payment had not been received. A portion of the money claimed by the contractor and the bondsman, was for 10% retainage, which totaled $390,427.40.
The claims of the appellants, Fred S. Conrad Construction Company and Aetna Casualty & Surety Company are for the purpose of discussion here, the same, inasmuch as Aetna had taken by assignment from Conrad all Conrad's property, rights and obligations including its rights of action. Actually, Aetna had expended $1,226,566.41 since taking over from Conrad, of which amount Continental had paid Aetna $683,530.67.
While it appears to us that the court might have been in error in entering the final summary judgment, this is not before us since that appeal has been voluntarily dismissed, but this does not preclude us from considering the merits of the counterclaims against Continental and the crossclaims against Baptist Senior Citizens Foundation, Inc.
It appears to us that the allegations of the answers of these appellants, as incorporated in their counterclaims against the appellee Continental and the allegations of the crossclaims against Baptist, are sufficient to state causes of action for relief to Aetna and/or Conrad up to the remaining balance of undisbursed funds provided for in the mortgage loan agreement to Baptist from Continental, and upon which the appellants had a right to rely for payment for the construction work done or to be done, and the court was in error in dismissing the same.
For the reasons stated, we find and so hold that the trial court was in error in dismissing the counterclaims and crossclaims and the orders appealed from are reversed and said cause remanded to the lower court for further proceedings consistent herewith.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.