323 So.2d 684 (1975)
MORGEN-OSWOOD & ASSOCIATES, INC. OF FLORIDA, Appellant,
v.
CONTINENTAL MORTGAGE INVESTORS, a Massachusetts Business Trust, et al., Appellees.
No. 74-1487.
District Court of Appeal of Florida, Fourth District.
December 5, 1975.
Rehearing and Certification Denied January 13, 1976.
Stephen P. Kanar of Fishback, Davis, Dominick & Simonet, Orlando, for appellant.
Richard H. Adams, Jr., and Lawrence G. Mathews, Jr., of Gray, Adams, Harris & Robinson, Orlando, for appellees Continental.
OWEN, Judge.
If ever there was a case for imposition of an equitable lien on a particular property, it is this one.
Appellant, a general contractor, entered into a contract with the owner of property to construct a hotel thereon. The owner obtained a construction loan from appellee, Continental Mortgage Investors (CMI). Under the construction loan agreement, the sum of $1,450,000 was set aside in a special fund to pay construction costs, with provisions for progress payments and retainage. The construction contract was for approximately $1,382,000. Appellant completed the hotel in accordance with the construction agreement. At the time of completion appellant had received progress payments of approximately $1,289,000, leaving approximately $93,000 as the balance on the construction contract. The owner breached the construction loan agreement by not arranging for permanent financing. As a result, CMI declared the construction mortgage in default, refused to disburse to appellant the final $93,000 due under the construction agreement, and proceeded to foreclose the mortgage, the *685 lien of which was superior to appellant's mechanic's lien.
The filing of the foreclosure resulted in various cross-claims and counterclaims, and although appellant was awarded a money judgment against the owner for the balance due under the construction contract, the court denied appellant an equitable lien against the undisbursed funds which had been specifically set aside for construction costs. Under the principles announced in Crain Co. v. Fine, 221 So.2d 145 (Fla. 1969), appellant had "a right of a special nature" against the "particular property", in this case the undisbursed balance of the construction loan funds, the amount of which exceeded the balance due appellant under the construction agreement.
The trial court was apparently of the view that both appellant and the owner were in court with unclean hands because of some "kickback" arrangement between them whereby the owner received approximately $85,000. While such "deals" are offensive to the courts, are contrary to ethical business dealing, and should never be condoned, CMI was not in anywise prejudiced by such conduct. The hotel was timely completed in accordance with the plans and specifications and thus CMI had the security for which it bargained. Furthermore, the evidence established that all of the funds of the so-called "kickback" (with relatively minor exception) were used for construction related costs or expenses and, in that sense, were returned to the property. Far from being prejudiced, CMI through its own misconduct (in refusing to disburse the final payments and retainage under the construction loan agreement) has been unjustly enriched to the extent of approximately $93,000, the balance due appellant under the construction contract.
It was suggested at oral argument of this cause that the fund, i.e., the undisbursed balance of the construction loan funds, no longer exists. Its nonexistence is due solely to the unilateral act of CMI in recapturing the funds from its disbursing agent and, presumably, commingling such with its other funds. Undoubtedly the amount thereof can be ascertained readily. Appellant was entitled to an equitable lien against the undisbursed construction loan funds and to that extent only the final judgment is reversed and this cause remanded for further proceedings consistent herewith.
MAGER, J., concurs.
CROSS, J., dissents without opinion.