353 So.2d 1225 (1977)
BLOSAM CONTRACTORS, INC., a Florida Corporation, Appellant,
v.
REPUBLIC MORTGAGE INVESTORS, Appellee.
No. 76-1690.
District Court of Appeal of Florida, Second District.
December 30, 1977.
Rehearing Denied February 2, 1978.
*1226 C. Ray Greene, Jr., of Greene & Greene, and Eugene G. Peek, III, of Smith, Davenport, Peek & Bloom, Jacksonville, for appellant.
R. Dewey Burnsed of McLin, Burnsed, Austin & Cyrus, Leesburg, for appellee.
SCHEB, Judge.
Appellant Blosam challenges a final judgment of foreclosure denying its claim to an equitable lien on undisbursed mortgage loan proceeds held by appellee Republic. We reverse.
In June 1973 Blosam contracted to build 104 condominium units on land owned by Continental Development Corporation of Florida. Continental, in turn, agreed to pay Blosam in excess of two million dollars. Shortly thereafter Continental arranged with Republic for construction financing of the project.
On July 30, 1973, Continental and Republic entered into a construction and development loan agreement which incorporated Republic's loan commitment. Continental executed the required note and mortgage documents in favor of Republic. Blosam, as contractor, executed its acceptance to the construction and development loan agreement and expressly made any rights or claims of its own subordinate to Republic's mortgage.
On January 18, 1974, the loan commitment as well as the construction and development loan agreement were revised by Continental and Republic to provide for an additional $500,000 retainage. Whereas the initial agreement stipulated that Continental was to have no more than 48 units under construction in excess of sales, the amended loan documents allowed construction of all 104 units without regard to the number of sales.
On June 1, 1974, the contract between Blosam and Continental was amended to recognize these changes. It was more specifically provided that $250,000 of the retainage would be paid to Blosam when the 104 units were constructed, and the final $250,000 would be paid upon the conveyance of the first 56 units. Finally, under the revised agreement, Continental gave Blosam a $500,000 note secured by a second mortgage on the condominium property. Republic assented in writing to this revised agreement between Blosam and Continental.
*1227 When the 104 units were completed Blosam received $250,000 from Republic. However, Continental defaulted on Republic's mortgage before any of the units were sold. Thereupon Republic refused to pay the remaining $250,000 to Blosam. Republic then instituted mortgage foreclosure proceedings against the 104 units, naming Blosam as one of the defendants. Blosam counterclaimed and sought to establish an equitable lien superior to Republic's mortgage against the property, or, alternatively, to impose an equitable lien on the undisbursed loan proceeds. A final judgment of foreclosure was entered granting foreclosure to Republic, but denying Blosam's counterclaim for an equitable lien on the property or the loan proceeds. Republic's nominal bid at the foreclosure sale was accepted and it thereby acquired the completed units.
Since Republic has not disbursed the required funds to Blosam as contractor, Blosam contends the trial court erred in not awarding it either an equitable lien on those undisbursed proceeds or a lien on the property superior to Republic's mortgage lien. Blosam argues that Republic has been unjustly enriched by acquiring the completed units without disbursing the balance of the loan proceeds. In effect, says Blosam, Republic realized its security but still retained some of the funds earmarked to create that security.
In an attempt to sustain the trial court's judgment, Republic makes two principal arguments. First, since the required 56 units were never conveyed, Republic had no obligation to fund Blosam's final draw of $250,000. In support, Republic points out that had the units been conveyed, it would have received sufficient sums from release payments to have funded the final draw of $250,000 due Blosam. Second, Republic argues that Blosam's acceptance of the second mortgage from Continental as security for the retained $500,000 was a repudiation or waiver by Blosam of any right to demand the funding by Republic.
We find no merit to Republic's arguments. Obviously the units could not have been conveyed in the usual sense, as the foreclosure sale made this impossible. Nor can Republic rely on the second mortgage granted to Blosam by Continental. The second mortgage was merely to assure Blosam that Continental would perform, and had nothing to do with Republic's role as financier. Therefore, the acceptance of the second mortgage by Blosam in no way acted as security for Republic's performance, and did not relieve Republic of its duty as financier.
The facts of this case closely resemble the facts in Morgen-Oswood & Assoc., Inc. v. Continental Mortgage Investors, 323 So.2d 684 (Fla. 4th DCA 1975), where a general contractor entered into a contract with a property owner to build a hotel. The owner obtained construction financing from a mortgage lender. After the hotel was completed, but before all the funds were disbursed to the contractor, the mortgage lender declared the owner in default and refused to make any additional disbursements from the $93,000 still to be paid to the contractor. The trial court awarded the contractor a money judgment, but denied his prayer for an equitable lien on the undisbursed loan proceeds. The Fourth District Court of Appeal reversed, noting that the mortgage lender received the full benefit of its security by having been placed in a position to foreclose on the completed hotel. The court concluded that the lender had been unjustly enriched as it enjoyed the benefit of the security in addition to retaining some of the funds owed the contractor. Therefore, the court held the contractor was entitled to an equitable lien. Recently this court has cited the Morgen-Oswood case with approval. See J.G. Plumbing Service, Inc. v. Coastal Mortgage Co., 329 So.2d 393 (Fla. 2d DCA 1976).
Equitable liens are adjudged to charge a particular property or fund with an obligation, usually where a written instrument evinces this intention or right and justice require it. Jones v. Carpenter, 90 Fla. 407, 414, 106 So. 127, 129 (1925). Under circumstances similar to this case the fourth district found an equitable lien in *1228 Morgen-Oswood, and we feel that "right and justice" require that we do the same here.
The 104 completed condominium units are now owned outright by Republic. Republic has received the benefit of its security, as was its right. However, Republic still holds $250,000 that should have gone toward the creation of that security, while Blosam has not received its just dues. This is neither right nor just and the most feasible method of remedying the injustice is to impose an equitable lien on the undisbursed proceeds held by Republic.[1]
Before trial the parties entered into a stipulation which said, in part:
In the event a determination is made that Blosam does in fact have an equitable lien superior to the mortgage of RMI, or an equitable lien against a specific undisbursed fund, then trial will be had to determine whether or not Blosam fully performed, or to what extent if any it breached its contract and failed to perform in accordance with the contract documents.
Obviously, on remand it will be necessary to litigate the issue of whether Blosam fully performed its contract.
Accordingly, the final judgment insofar as it denies Blosam an equitable lien on the undisbursed loan proceeds held by Republic is reversed and the cause is remanded for proceedings consistent with this opinion.
BOARDMAN, C.J., and OTT, J., concur.
NOTES
[1] We are assuming, though we are not holding, that there are no other claims to the undisbursed loan funds superior to Blosam's claim.