PER CURIAM.
This is an appeal from a final summary judgment denying a subcontractor’s claim for an equitable lien against the undis-bursed balance of a second loan made by the appellees, to complete construction of an apartment project.
The appellant claims that he is entitled to an equitable lien against the loan funds on the basis of unjust enrichment and affirmative deception. First, appellant asserts that any time there is an undisbursed loan fund in existence on a completed construction project, a subcontractor or supplier is entitled to an equitable lien to the extent of his unpaid account. As a second ground, appellant claims that the lender here induced him into completing work on the project by representations that there were additional loan funds available to pay for all his work.
As to the first point, the appellant relies principally on Morgen-Oswood & Associates, Inc. v. Continental Mortgage Investors, 323 So.2d 684 (Fla. 4th DCA 1975). However, we do not believe the factual circumstances giving rise to the equitable lien in Morgen-Oswood are presented here. For instance, it is undisputed that the appellant’s lien rights on the project in question are superior to any claim or lien of appellees arising out of the second loan. The only prior lien rights being asserted by the appellees are those arising out of the initial loan which was totally disbursed well before the project was completed. We believe the second issue has been determined adversely to the appellant’s claim by the Supreme Court’s decision in Rinker Materials v. Palmer First National Bank, 361 So.2d 156 (Fla.1978).
Accordingly, the judgment of the trial court is affirmed.
ANSTEAD and LETTS, JJ., and WETH-ERINGTON, GERALD, Associate Judge, concur.