**In re SEVILLE ENTERTAINMENT COMPLEX OF PENSACOLA, INC., Debtor.**

Bankruptcy No. 86–04405–B.

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

Dec. 5, 1986.

Mark E. Hildreth, Tallahassee, Fla., Tom Smith, Orlando, Fla., for Rosie O'Grady's, Inc.

Thomas R. Reed, Pensacola, Fla., for debtor.

John E. Venn, Jr., Gulf Breeze, Fla., Trustee.

### ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the motion of creditor Rosie O'Grady's, Inc. to lift the stay and prohibit use of cash collateral. Upon due consideration of the record and argument of counsel, this court has determined that the motion to lift stay should be bound over for final hear-

ing, to be scheduled herein by subsequent notice. The creditor's motion to prohibit use of cash collateral is hereinafter considered.

The movant, Rosie O'Grady's, Inc., is a secured creditor of the debtor herein and holder of a mortgage encumbering the majority of debtor's real and personal property including the income, rents, issues, profits, and revenues of the property. The debtor defaulted under the note and subject mortgage, and thereafter filed the within Chapter 11 proceeding. The movant contends that the subject rents, profits and proceeds of the mortgaged property constitute cash collateral pursuant to Section 363(a) of Title 11, United States Code, and, that the debtor should therefore be prohibited from using same absent providing adequate protection to this creditor in accordance with Sections 363(c)(2)(B) and (e).

The debtor, in response, asserts that the subject funds although pledged to the mortgagor, are not cash collateral since this creditor has not perfected its interest in the rents and profits by taking possession thereof.

■ Whether a creditor's security interest has been perfected is a matter to be determined by state rather than federal law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In the Matter of Village Properties, Ltd.*, 723 F.2d 441 (5th Cir.1984).

■ In Florida, a mortgage acts as a lien, not as a conveyance; although the revenues of realty may be specifically pledged to a mortgagee, it obtains no absolute right thereto prior to its taking actual possession or taking some other affirmative action to reduce the rents and profits to its possession. Thus in a lien theory state such as Florida, the creditor has not "perfected" its security interest in the rents and profits absent such action, notwithstanding the default language contained in the mortgage provision. *Carolina Portland Cement Co. v. Baumgartner, et al*, 99 Fla. 987, 128 So. 241 (1930); *see also*, Vol. 37, Fla.Jur.2d, *Mortgages, Etc.*, § 171 and Vol. 1A, Boyer, *Florida*

*Real Estate Transactions*, Mortgages and Other Liens, § 32.01A.

Florida has not specified what type of "affirmative action" will suffice to perfect a security interest in revenues. Generally, the theory underlying those jurisdictions supporting affirmative action as opposed to actual possession is that in a bankruptcy context, a creditor's foreclosure action or effort to obtain a receiver is automatically stayed by the debtor's filing of the petition. Thus the courts reason that a creditor's actions prior to such filing which evidence a likelihood that it would have obtained possession of the property absent the intervention of bankruptcy, or the creditor's legal action subsequent to such bankruptcy such as requesting an order of sequestration of the rents and profits or requesting a receiver will suffice to "perfect" the creditor's interest. *In re Village Properties, Ltd., supra; In re Oak Glen R–Vee, Ltd.*, 8 B.R. 213 (Bkrtcy.Colo.1981); *In re Colter, Inc.*, 46 B.R. 510 (Bkrtcy.Colo.1984). As stated in *Butner v. United States, supra*, 440 U.S. at 56, 99 S.Ct. at 918–19, "the majority view is that the federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued."

The evidence and record before this court in the case *sub judice* reflect that prior to the bankruptcy herein, in August, 1986, the creditor, Rosie O'Grady's, Inc. filed a foreclosure action following the debtor's default on the modified mortgage and security agreement. Thereafter on September 11, 1986, the creditor filed a motion requesting the appointment of a receiver of the debtor's assets during the pendency of the foreclosure action. It was subsequent to such creditor's action and the parties' inability to settle the controversy that this debtor filed its petition, on September 25, 1986.

The record further reflects that post-petition, on October 9, 1986, the creditor filed the subject motion to lift stay to proceed with its foreclosure action and concurrent

motion to prohibit the use of cash collateral.

This court finds that the creditor's actions herein both pre- and post-petition evidence a diligent effort to reduce the subject rents and profits to its possession. The post-petition motions filed by the creditor to lift stays and prevent the debtor from using the rents and profits perfected this creditor's interest from the date the motions were filed herein, October 9, 1986. *See, In re Casbeer,* 793 F.2d 1436 (5th Cir.1986). The creditor is entitled to sequestration of the rents collected by the party in possession or the net profits accruing to him from said property on and after October 9, 1986. (*See, Bay Realty Corporation v. Becker,* 157 So.2d 91, 93 (Fla.App. 1963), for a definition of "rents, issues and profits.") The debtor-in-possession reports of Seville Entertainment Complex reflect that the business has collected no rents during the subject period, however, it has generated income from its sales operations. It is the net profit from these sales operations which is herein deemed to constitute cash collateral. It is therefore

ORDERED AND ADJUDGED that absent the creditor's consent or the debtor's proposal of adequate protection to this creditor for the use of said cash collateral pursuant to Section 363(c)(2) and (e), the debtor be, and it hereby is, prohibited from using said cash collateral in accordance with this opinion.