531 So.2d 238 (1988)
EDD HELMS ELECTRICAL CONTRACTING, INC., Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
No. 87-2401.
District Court of Appeal of Florida, Third District.
September 20, 1988.
Siegfried, Kipnis, Rivera, Lerner & De La Torre, P.A., and Steven M. Siegfried, Coral Gables, for appellant.
Holland & Knight and Scott B. Newman and Christopher N. Bellows, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL[*] and JORGENSON, JJ.
PER CURIAM.
In this appeal, the electrical subcontractor challenges a final order of dismissal with prejudice for failure to state a cause of action against the construction lender. For the following reasons, we affirm the trial court's order.
Although the subcontractor sought to impose an equitable lien against undisbursed construction loan proceeds, its amended complaint shows the existence of an adequate remedy at law. Other counts in the subcontractor's pleadings state a cause of action against the surety on the performance bond and against the owner and contractor in both contract and quasicontract. Having pleaded adequate legal remedies, the subcontractor cannot alternatively maintain an action in equity. See Hallmark Mfg. Inc., v. Lujack Const. Co., Inc., 372 So.2d 520 (Fla. 4th DCA 1979) (no cause of action for equitable lien exists where complaint alleged no more than *239 breach of contract, no grounds on which to base equitable lien, and plaintiff has adequate remedy at law); Cohen v. Lunsford, 362 So.2d 383 (Fla. 1st DCA 1978) (where subcontractor afforded adequate remedy at law and record reflects no special equities, subcontractor's claim of equitable lien must fail); cf. Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969) (record showed special equities to support an equitable lien where "the plaintiff had no cause of action against the surety on the performance bond nor against the owner-contractor joint venturers on either a quasi-contractual or contractual basis").
Additionally, the pleadings failed to set forth ultimate facts sufficient to establish a special equity. The requisite allegations of lender misconduct, affirmative deception, or material misrepresentation were not made. Chase Manhattan Bank v. S/D Enters., Inc., 353 So.2d 131 (Fla. 3d DCA 1977); J.G. Plumbing Svc., Inc. v. Coastal Mtg. Co., 329 So.2d 393 (Fla. 2d DCA), cert. dismissed, 339 So.2d 1169 (Fla. 1976). Finally, there was no allegation that the construction project was fully completed. Unjust enrichment cannot be established by alleging merely "substantial completion." See J.G. Plumbing Svc., Inc., 329 So.2d at 395 (no unjust enrichment where default occurs prior to completion of construction).
The trial court's order of dismissal with prejudice is, accordingly,
AFFIRMED.
NOTES
[*] Judge Barkdull participated in the decision but did not hear oral argument.