**In re WESTPORT–SANDPIPER ASSO-CIATES LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 5–90–00859.**

United States Bankruptcy Court, D. Connecticut.

July 18, 1990.

Martin W. Hoffman, Hartford, Conn., for debtor.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Coast Federal Bank,

Federal Savings Bank, f/k/a Coast Sav. and Loan Ass'n.

## MEMORANDUM AND ORDER ON MOTION TO PROHIBIT USE OF AND SEQUESTER RENTS

ALAN H.W. SHIFF, Bankruptcy Judge.

Coast Federal Bank, Federal Savings Bank, f/k/a Coast Savings and Loan Association ("Coast"), moves for an order prohibiting the debtor from using certain rents, directing the debtor to sequester those rents, and declaring Coast to have a perfected first-priority security interest in those rents.

### I.

On March 31, 1987, the debtor gave Coast an $11,100,000.00 promissory note, which was secured by a mortgage on and assignment of leases in the debtor's 376 unit apartment complex located in Jacksonville, Florida. On May 9, 1990, the debtor filed a petition under chapter 11 of the Bankruptcy Code. On May 23, Coast filed a "Notice Pursuant to 11 U.S.C. § 546(b) of Lien of Coast Savings and Loan Association On Rents Arising From Certain Real Property of the Debtor".

On June 20, 1990, Coast filed the instant motion, contending that it holds a perfected first-priority security interest in the rents, that the rents constitute cash collateral under Bankruptcy Code § 363(a), and that the debtor is prohibited from using the rents absent Coast's consent or proof of adequate protection of Coast's interest therein. Coast argues that when, as here, state law requires some affirmative act to perfect an interest in rents, such perfection may be accomplished by a notice under § 546(b); that § 546(b) is not limited to situations in which perfection relates back to a prepetition event under state law; and that, in any event, Florida law provides for such retroactive perfection.[1] In the

---

1. The parties agree and I conclude that because the property is located in Florida, Florida law is applicable. *In re Pine Lake Village Apartment Co.,* 17 B.R. 829, 833 (Bankr.S.D.N.Y.1982)

("[T]he law of the situs of the real property ... determines the mortgagee's entitlement to rent proceeds during the course of the mortgagor's bankruptcy proceeding.").

alternative, Coast contends that the filing of the instant motion to sequester perfected its interest, apparently irrespective of the requirements of § 546(b). The debtor responds that § 546(b) is only applicable when the proposed perfection of an interest in property relates back to a prepetition date, and that Florida law does not provide for such retroactive effect.[2]

## II.

■ Code § 363(a) provides that " 'cash collateral' ... includes ... rents ... subject to a security interest as provided in section 552(b) of this title...." A debtor may not use cash collateral unless an entity that has an interest in it consents or the debtor proves that the interest of that entity is adequately protected. 11 U.S.C. § 363(c), (e). As the Supreme Court stated in *United Savings Ass'n of Tex. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 374, 108 S.Ct. 626, 631, 98 L.Ed.2d 740 (1988),

> [s]ection 552(a) states the general rule that a prepetition security interest does not reach property acquired by the estate or debtor postpetition. Section 552(b) sets forth an exception, allowing postpetition "proceeds, product, offspring, rents, or profits" of the collateral to be covered only if the security agreement expressly provides for an interest in such property, and the interest has been perfected un-

der "applicable nonbankruptcy law." Section 552(b) therefore makes possession of a perfected security interest in postpetition rents ... from collateral a condition of having them applied to satisfying the claim of the secured creditor ahead of the claims of unsecured creditors.

(Citations omitted). Thus, the rents here constitute cash collateral only to the extent that Coast has a perfected security interest in them.

■ The validity and perfection of Coast's security interest is governed by Florida law. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Under Florida law, an assignment of rents becomes effective and a mortgagee is entitled to receive the rents only when the mortgagee obtains an order of sequestration, takes actual possession of the property, or has a receiver appointed. *In re Mears*, 88 B.R. 419, 420 (Bankr.S.D.Fla.1988); *Matter of Hamlin's Landing Joint Venture*, 77 B.R. 916, 919 (Bankr.M.D.Fla.1987).

Section 546(b) provides:

> The principle that statutes operate only prospectively ... is familiar to every law student.... "[T]he first rule of construction is that legislation must be considered as addressed to the future, not to the past.... [A] retrospective operation will not be given to a statute which interferes with antecedent rights ... unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' "

(Quoting *Union Pacific R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913)). Section 697.07 contains no explicit language authorizing retroactive application, and as noted by the *Franklin* and *Camelot* courts, the retrospective application of § 697.07 would impair a mortgagor's rights by making it easier for a mortgagee to assert rights in rent than was the case under Florida common law prior to the enactment of § 697.07. I therefore conclude that Florida common law, *see infra* at 357, is applicable in this controversy.

---

**2.** A significant portion of the debtor's memorandum is devoted to a discussion of Florida Statute § 697.07, which provides in part:

> A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee.

As noted, the assignment here was made on March 31, 1987. Section 697.07 did not become effective until October 1, 1987 and, while I recognize that one court has held that § 697.07 applies retrospectively, *In re Aloma Square, Inc.*, 85 B.R. 623, 625 (Bankr.M.D.Fla.1988), I agree with courts that have found that the statute applies prospectively only. *In re Franklin Pembroke Venture II*, 105 B.R. 276, 280 (Bankr.E.D. Pa.1989); *In re Camelot Assoc. Ltd. Partnership*, 102 B.R. 161, 166 (Bankr.D.Minn.1989). In *United States v. Security Industrial Bank*, 459 U.S. 70, 79, 103 S.Ct. 407, 412–13, 74 L.Ed.2d 235 (1982), the Supreme Court stated:

The rights and powers of a trustee under sections 544, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

It has been held that a § 546(b) notice or a motion to sequester rents are the equivalent of a prepetition appointment or recognition of a receiver under state law. *E.g.*, *Virginia Beach Sav. and Loan Assoc. v. Wood*, 901 F.2d 849, 852–53 (10th Cir.1990); *Casbeer v. State Fed. Sav. and Loan Assoc. of Lubbock (In re Casbeer)*, 793 F.2d 1436, 1442–43 (5th Cir.1986); *In re Seville Entertainment Complex of Pensacola, Inc.*, 73 B.R. 213, 214–15 (Bankr.N.D.Fla. 1986). The pivotal issue here is whether Coast's § 546(b) notice or, in the alternative, its motion to sequester perfected its interest in the rents.

■ Code § 362(a) provides:

Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—

. . . .

(4) any act to create, perfect, or enforce any lien against property of the estate. . . .

The general rule is that any perfection which is claimed to have occurred after the filing of the petition is void under § 362(a)(4). *See Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n, Inc.)*, 880 F.2d 1540, 1545 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990); *In re Stack Steel & Supply Co.*, 28 B.R. 151, 155 (Bankr.W.D.Wash.1983).

Code § 362(b), which creates statutory exceptions to the automatic stay, provides:

The filing of a petition under section 301 ... of this title ... does not operate as a stay—

. . . .

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title. . . .

The exceptions to the stay are to be construed narrowly. *In re Parr Meadows Racing Ass'n, supra*, 880 F.2d at 1547.

■ The legislative history of § 546(b) explains that "[t]he purpose of the subsection is to protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection." Thus, for § 546(b) to be applicable, state law must provide that perfection relates back to a prepetition event, such as the assignment of the rents in this case. *E.g.*, *Virginia Beach, supra*, 901 F.2d at 852; *Equibank, N.A. v. Wheeling Pittsburgh Steel Corp.*, 884 F.2d 80, 85 (3rd Cir.1989); *In re Casbeer, supra*, 793 F.2d at 1443; *Kearney Hotel Partners v. Richardson (In re Kearney Hotel Partners)*, 92 B.R. 95, 103 (Bankr.S.D.N.Y. 1988). It is stressed that the applicable state law must specifically authorize the relation back. *E.g.*, *Northwestern Nat'l Life Ins. Co. v. Metro Square (In re Metro Square)*, 93 B.R. 990, 999 (Bankr.D.Minn. 1988), *rev'd on other grounds*, 106 B.R. 584 (D.Minn.1989); *In re TM Carlton House Partners, Ltd.*, 91 B.R. 349, 356 (Bankr.E.D.Pa.1988).

■ Under Florida law, a mortgage gives a mortgagee a lien against property, but title and the right of possession remains with the mortgagor/owner. *First Fed. Sav. and Loan Assoc. of Fla. v. AAA Properties of Polk, Inc. (In re Parham)*, 72 B.R. 604, 605 (Bankr.M.D.Fla.1987). In so-called lien theory states like Florida, the general rule is that perfection of an assignment of rents does not relate back to the

time of the assignment. *E.g., United Fed. Sav. Bank v. Johnson (In re Johnson)*, 108 B.R. 689, 695 n. 6 (Bankr.D.Minn.1989); *Exchange Nat'l Bank of Chicago v. Gotta (Matter of Gotta)*, 47 B.R. 198, 202 (Bankr. W.D.Wis.1985).

 Coast has cited no statute or authority and this court has found none which states or even suggests that Florida departs from that general rule. To the contrary, in *Matter of Hamlin's Landing Joint Venture, supra*, 77 B.R. at 920–21, Judge Paskay found that a creditor was prevented by the automatic stay from filing a § 546(b) notice with respect to assigned rents. Implicit in that finding is the conclusion that the perfection of an assignment of rents does not relate back to a prepetition time. *See In re TM Carlton House Partners, Ltd., supra*, 91 B.R. at 356.[3]

I conclude that the automatic stay prevented Coast from perfecting its lien by filing a § 546(b) notice or a motion for sequestration. *In re Prichard Plaza Assoc. Ltd. Partnership*, 84 B.R. 289, 300 (Bankr.D.Mass.1988). Accordingly, Coast does not have a perfected security interest in the rents and those rents do not constitute cash collateral.

### III.

For the foregoing reasons, Coast's motion is DENIED and IT IS SO ORDERED.

---

3. The only authority cited by Coast in support of its position that perfection would relate back is the *Virginia Beach* court's holding that the perfection of the *equitable lien* at issue in that case related back to the time of its creation by the conduct of the parties. Under Florida law, an equitable lien does relate back to the transaction out of which it arose. *Craven v. Hartley*, 102 Fla. 282, 135 So. 899, 901 (1931) (Brown, J., concurring) ("The decree declaring that such transaction created an equitable lien related back to the transaction out of which the equitable lien so declared arose."). An equitable lien is "a right not provided by law to have specific property stand for a particular debt." *Jennings v. Connecticut General Life Ins. Co. v. Berman Inv. Co.*, 177 So.2d 66, 67 (Fla.Dist.Ct. App., 2d Dist.1965). Where a party has an adequate remedy at law, it is not entitled to an equitable lien. *Jones v. Carpenter*, 90 Fla. 407, 106 So. 127, 128 (1925); *Edd Helms Electrical Contracting, Inc. v. Barnett Bank of S. Fla.*, 531 So.2d 238, 238 (Fla.Dist.Ct.App., 3rd Dist.1988). Coast does not claim that it has an equitable lien and *Virginia Beach* is therefore inapposite.