KLEIN, Judge.
This case involves the issue of whether a subcontractor can claim an equitable lien against a lender’s undisbursed construction loan funds, where the construction project is completed, but the lender forecloses. The lender convinced the trial court that the party claiming the lien must allege fraud or misrepresentation. We disagree and reverse.
Citibank foreclosed its mortgages on two homes, and Emerald Designs, a landscape subcontractor which had perfected a mechanic’s lien against the owner, filed a counterclaim seeking an equitable lien on undis-bursed construction loan funds held by Citibank. The counterclaim alleged that Emerald had performed landscape services for which it had not been paid, that Citibank had retained undisbursed construction loan proceeds, that the homes were completed, and that Citibank would be unjustly enriched if it were permitted to foreclose on the completed homes and also allowed to retain the undis-bursed funds.
The subcontractor relies on Morgen-Oswood & Associates, Inc. of Florida v. Continental Mortgage Investors, 323 So.2d 684 (Fla. 4th DCA 1975), cert. dismissed, 342 So.2d 1100 (Fla.1977), in which the general contractor had completed a hotel, but the owner breached the construction loan agreement resulting in a foreclosure by the lender while the lender still had undisbursed construction loan funds in its possession. This court held that to allow the lender to retain the undisbursed construction loan funds, while getting the security for the loan as well, would result in unjust enrichment at the expense of the contractor, and that the contractor was therefore entitled to an equitable lien against those funds. There was no allegation of fraud or misrepresentation against the lender in Morgen-Oswood, and we conclude there need be no such allegation in order to establish an equitable lien in the present ease.
In Giffen Industries of Jacksonville, Inc. v. Southeastern Associates, Inc., 357 So.2d *1085 217 (Fla. 1st DCA 1978), an unpaid roofing contractor appealed a summary judgment which held that the contractor was not entitled to an equitable lien. The first district reversed, explaining that if the construction project was complete, and if there were un-disbursed construction funds held by the lender, which foreclosed on the security, the claimant did have a cause of action for an equitable lien. There were no allegations of fraud or misrepresentation. See also, J.G. Plumbing Service, Inc. v. Coastal Mortgage Co., 329 So.2d 393, 395 (Fla. 2d DCA), cert. dismissed, 339 So.2d 1169 (Fla.1976) (which cited Morgen-Oswood but distinguished it because construction was complete in Morgen-Oswood and incomplete in J.G. Plumbing).
The cases on which Citibank relies for its argument that there must be fraud or misrepresentation alleged are distinguishable. In Rinker Materials Corp. v. Palmer First National Bank and Trust Company of Sarasota, 361 So.2d 156 (Fla.1978), subcontractors were seeking to establish equitable liens superior in priority to the recorded first mortgage of the lender, based on a theory of equitable estoppel. Our supreme court rejected this and held that in the absence of fraud or misrepresentation the lender would not be estopped from asserting the priority of its first mortgage. Merritt v. Unkefer, 223 So.2d 723, 724 (Fla.1969), is also distinguishable because there the claimant was seeking a lien on the real estate, which the supreme court distinguished from a situation in which the claimant was seeking a lien on a “specified fund.” In the present case the claimant is not seeking priority over a recorded mortgage, only a lien on undisbursed construction loan funds. Under these circumstances allegations of fraud or misrepresentation are unnecessary.
We therefore reverse the order dismissing the counterclaim for failure to state a cause of action.
GLICKSTEIN, J., and GROSS, ROBERT M., Associate Judge, concur.